IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JENNIFER CONWELL, | : |
| Plaintiff, | : |
| VS. | : |
| | : 3 : 10-CV-99 (CDL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## RECOMMENDATION

Plaintiff herein filed this Social Security appeal on December 6, 2010, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations until March 1, 2009. (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Hoffman v. Astrue*, 259 Fed. Appx. 213, 216 (11th Cir. 2007). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed an application for disability insurance benefits on July 23, 2007. (Tr. 16, 63). Her claims were denied initially and upon reconsideration. (Tr. 68, 72). A hearing was held before an Administrative Law Judge ("ALJ") in Athens, Georgia on October 6, 2009. (Tr. 16, 95). Thereafter, in a hearing decision dated November 20, 2009, the ALJ determined that the Plaintiff was disabled as of March 1, 2009. (Tr. 16-24). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (Tr. 1-3).

*Statement of Facts and Evidence*

The Plaintiff was fifty-five (55) years of age at the time of the hearing before the ALJ, and alleged disability since September 1, 2006, primarily due to fibromyalgia, migraine headaches, depression, back pain, irritable bowl syndrome, and bone spurs on the spine. (Tr. 16, 31, 35, 153). Plaintiff completed the eleventh grade and later obtained a certified nursing assistant certificate. (Tr. 35, 157). Plaintiff has past relevant work experience as a Certified Nursing Assistant. (Tr. 154).

As determined by the ALJ, Plaintiff suffers from severe impairments in the form of fibromyalgia and degenerative disc disease in her lumbar and cervical spine. (Tr. 18). The ALJ

found that since September 1, 2006, Plaintiff was capable of performing light work except she could not climb ladders, ropes, and scaffolds, and could only occasionally kneel. (Tr. 20). However, beginning March 1, 2009, Plaintiff's age category changed, and the ALJ determined that as of that date Plaintiff was disabled. (Tr. 24).

## DISCUSSION

Plaintiff alleges that the ALJ failed to give proper weight to Dr. Ashok Kancharla, Plaintiff's treating physician, when determining Plaintiff's residual functional capacity. (Doc. 11). The determination of the residual functional capacity is an administrative assessment based on all the evidence of how Plaintiff's impairments and related symptoms affect her ability to perform work-related activities. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The regulations state that the final responsibility for assessing a claimant's residual functional capacity rests with the ALJ, based on all the evidence in the record. *See* 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a)(3), 404.1546(c), 416.927(e)(2), 416.945(a)(3), 416.946(c). Relevant evidence includes medical reports from treating and examining sources, medical assessments, and descriptions and observations of a claimant's limitations by the claimant, family, neighbors, friends, or other persons. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

When deciding the evidence, "[t]he testimony of the treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). The Commissioner's regulations also state that more weight should be given to opinions from treating sources because they can provide a detailed look at the claimant's impairments. 20 C.F.R. § 404.1527(d)(2). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is

reversible error." *Lewis*, 125 F.3d at 1440. "Good cause" as to why the Commissioner did not rely on the treating source's opinion can exist when the physician's opinion was not supported by the record evidence, the evidence supported a contradictory finding, or the physician's opinion was conclusory or inconsistent with the physician's own medical records. *Id.*

Herein, Dr. Kancharla submitted a questionnaire as to Plaintiff's ability to do work-related activities. (Tr. 376-78). In the questionnaire, Dr. Kancharla opined that, during an eight-hour day, Plaintiff can lift less than ten pounds occasionally; can stand, walk, or sit for less than two hours; must change positions every ten to fifteen minutes to relieve discomfort; and must walk around for fifteen minutes every fifteen minutes. (Tr. 376-77). Further, Dr. Kancharla determined that Plaintiff can never twist, crouch, climb stairs, climb ladders, crawl, or balance, and he indicated that Plaintiff will need to lie down during work on a daily basis. (Tr. 377-78). According to the questionnaire, Plaintiff must avoid even moderate exposure to most environmental restrictions, and will be absent from work more than three times per month due to her impairments. (Tr. 378).

The ALJ found that Dr. Kancharla's opinion of Plaintiff's limitations is not entitled to significant weight as it is inconsistent with his own treatment notes. (Tr. 22). On May 2, 2007, Dr. Kancharla observed no tenderness to Plaintiff's lumbosacral spine on palpation, the straight-leg raise test was negative on both legs, and Plaintiff's balance, sensations, reflexes, and gait and stance were normal. (Tr. 226). X-ray results reported that same day showed only a narrowing of the disc space at L5-S1, and "osteophytes projecting anteriorly from the superior endplate of C3." (Tr. 226). Dr. Kancharla's treatment notes show that, in March of 2008, Plaintiff had bilateral neck tenderness, and had pain with rotation of her back, but her spine still had a full range of motion. (Tr. 349). Furthermore, throughout the treatment notes, Dr. Kancharla observed that Plaintiff's gait was

normal, and Plaintiff had normal reflexes and sensations.  (Tr. 223, 226, 229, 239, 380, 382, 387, 390, 392, 402 ).  Throughout 2008, reviews of Plaintiff's system also showed no "myalgias"[1].  (Tr. 392, 394, 401).

The ALJ determined that Dr. Kancharla's opinion of Plaintiff's work-related limitations was inconsistent with his own medical records.  As shown above, the ALJ's decision to not give significant weight to Dr. Kancharla's questionnaire is supported by substantial evidence.  Also, the ALJ clearly articulated his reasoning for not relying on Dr. Kancharla's opinion regarding Plaintiff's functional limitations.  Thus, the ALJ did not commit reversible error when he decided not to rely on Dr. Kancharla's questionnaire.

## CONCLUSION

As the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 26th day of October, 2011.

s/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf

---

[1] Myalgia is defined as pain in a muscle.